**William C. WEANT'S ADMINISTRATOR (Allen Schmitt), Appellant,**

v.

**James C. ELLIS, Appellee (two cases).**

Court of Appeals of Kentucky.

Oct. 28, 1955.

Rehearing Denied March 16, 1956.

M. Joseph Schmitt, Allen Schmitt, Louisville, for appellant.

John B. Anderson, E. B. Anderson, Owensboro, for appellee.

CAMMACK, Judge.

Allen Schmitt, the administrator of the estate of William C. Weant, the original plaintiff, is appealing from an order entered in each of two actions, consolidated for purposes of this appeal, which overruled his motion for default judgment against the appellee, James C. Ellis, a resident of Daviess County. Case No. 1 is a claim and delivery action, by which the appellant seeks to obtain possession of eight race horses which Weant allegedly owned and which are now in Ellis' possession. Case No. 2 is an equity action for an accounting of funds, relating to an alleged oral agreement whereby Weant and Ellis entered the business of breeding, training and racing horses.

Both actions were filed in the Jefferson Circuit Court and in each case summons was issued by the clerk of that court directed to the sheriff of Daviess County, who then served the appellee in that county. The sole issue on this consolidated appeal is whether the Jefferson Circuit Court, at any time during the proceedings, obtained personal jurisdiction over the appellee. Both trial judges found there was no personal jurisdiction and therefore overruled the appellant's motion for a default judgment.

The appellant recognizes the jurisdictional requirements of KRS 452.485, which states that no judgment can be rendered against the defendant in a transitory action unless (1) he is summoned in the county where the action is brought, or (2) he resides in that county and is summoned elsewhere within the state, or (3) he makes a defense to the action before objecting to the jurisdiction of the court. Schmitt admits also in each action that Ellis initially came into court under a "special appearance" solely to attack the jurisdiction of the court. However, he contends that the court, in each case acquired jurisdiction over Ellis by virtue of certain further steps taken by him in the cases. In case No. 1, the steps consist of (1) his objecting to Schmitt's motion to revive the action after Weant's death, (2) agreeing to a written order continuing the case for argument on Schmitt's motion for judgment, and (3) resisting the motion for judgment. In case No. 2, the acts of Ellis relied upon by Schmitt are (1) his objecting to the motion to revive the action, (2) resisting actively a motion for judgment, (3) filing a brief (pursuant to the court's order), and (4) asking in the brief that the court set aside the order of revivor.

■ ·We think the trial court was correct in each instance in ruling that no personal jurisdiction was acquired over Ellis. These cases, although filed shortly before the effective date of the new Civil Rules of Procedure, were practiced under those Rules, as evidenced by the filing of an amended complaint in each case and the issuance of new summons thereon, solely for the purpose of complying with the new Rules.

■ CR 12.02 is controlling here. That section provides that the defense of lack of jurisdiction over the person may be presented by motion, if made before filing a responsive pleading when one is permitted. If the defense is raised timely, it is not waived even though joined with defenses on the merits. See Clay, CR 12.02 (2). It is obvious, then, that objection to jurisdiction is not waived by making a defense on the merits subsequently.

■ Ellis properly raised the issue of jurisdiction over his person prior to taking any other steps in the actions. Therefore, under CR 12.02, he did not waive that defense and the courts did not acquire personal jurisdiction by virtue of the steps taken by him subsequently in resisting the actions.

The judgments are affirmed.